UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHAVES HODGES** | **CIVIL ACTION NO. 22-6060-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Chaves Hodges ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 22, 2022. He is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names Steve Prator, Deputy Bailey, Rick Farris, M. Anderson, and R. Dibler as defendants.

Plaintiff, a federal inmate, claims that on September 13, 2022, Deputy Bailey got his attention by putting on latex gloves and making a popping sound with them. He claims Deputy Bailey then told him "prostate check let me dig in that thang." Plaintiff then asked Deputy Bailey what he said, and he replied, "prostate check." Plaintiff claims this was a sexual assault. Plaintiff felt disrespected, humiliated, and violated.

Accordingly, Plaintiff seeks injunctive and declaratory relief, monetary compensation, punitive damages, costs, and any other relief that is just, proper, and equitable.

## LAW AND ANALYSIS

The Eighth Amendment prohibition of cruel and unusual punishment proscribes wanton infliction of unnecessary pain upon a prisoner by prison officials. An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979.

Plaintiff has failed to satisfy the first prong of the test. Defendant's verbal sexual harassment and gestures are not sufficiently serious and pervasive to permit redress under the constitution. Plaintiff's exposure to verbal sexual harassment and gestures does not present an actionable claim under Section 1983. See Jane Doe 5 v. City of Haltom City, 2004 WL 1777253 (5th Cir. 2004)(unpublished); Bender v. Brumley, 1 F.3d 271, 274 (5th Cir.1993); Cooper v. Caddo Corr. Ctr., 2007 WL 471185, (W.D. La. 2007).

Accordingly, Plaintiff's complaint lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of January, 2023.

Mark L. Hornsby
U.S. Magistrate Judge